Brown *et al. v.* Watterson *et al.*

It is the duty of managers of an election held under a public law, to count the votes and sign a certificate stating the number of votes each person voted for received; and while ordinarily the writ of *mandamus* will lie to compel a performance of this duty, yet, where upon failure and refusal of some of the managers to participate in the performance thereof, the candidates interested therein agree among themselves that the vote shall be counted by certain outsiders acting in conjunction with a single official manager who stands ready to count the vote, and in pursuance of such agreement the persons so designated in fact open the ballot-box and do count the ballots, the parties to such agreement cannot thereafter by *mandamus* compel the official managers to count the ballots and make the certificate provided by law. The substitution of parties of their own selection for those appointed by law for counting and canvassing the vote, is itself an illegal invasion of the sanctity of the ballot-box; and the parties interested as candidates thereby render it impossible for the regular managers, under the direction of the court, to perform the duties enjoined by law.

April 15, 1895.

Petition for *mandamus.* Before Judge Clark. Clayton county. January 28, 1895.

Doyal & Doyal, for plaintiffs. J. B. Hutcheson and Dorsey, Brewster & Howell, for defendants.

Atkinson, Justice.

It appears from the record in this case, that the plaintiffs in error were candidates at the general election for county officers held in the county of Clayton on January 2d, 1895, and that the defendants in error were managers of the election at one of the precincts at which it is alleged a majority of the votes were cast in favor of the plaintiffs in error, and that this majority, if properly counted, would have resulted in their election. It further appears that the defendants in error, though presiding as managers at said election, failed and refused to count the votes cast at said precinct, and failed and refused to meet with the managers, from the various precincts in the county, for the purpose of consolidating

the vote and certifying it to the governor; that notwith-standing this, the votes in the precincts other than that at which the defendants in error presided as managers, were consolidated, but the effect of this partial consolidation was to elect the opponents of the plaintiffs in error. It appears that after the defendants in error had refused to participate in counting the votes at the precinct at which they presided, the ballot-box was, by the consent and at the instance of the plaintiffs in error, opened by a single manager and two other unofficial persons, who proceeded to count the ballots therein, and, in this informal manner, to declare the result of the election at this precinct. In the meantime, a contest had been filed before the governor, and, pending his determination of this contest, a petition for *mandamus* was filed against the defendants in error, praying that they be required to count the ballots, declare the result of the election at such precinct, and certify the same to the governor. A *mandamus nisi* was issued, and the respondents answering, demurred to the plaintiffs' petition, for the reason, amongst other grounds which it is not necessary now to consider, that the ballot-box of said precinct and the ballots therein contained were taken out of the possession of these defendants, as stated in the petition, by the direction of the plaintiffs, and the court could not, and would not, under these circumstances, require them to count and certify to the contents of the box if turned over to them now, because they could not know, as managers or otherwise, that it was the same box used at the election, or that the box contained the same ballots that the voters put therein on the day of the election, nor could the defendants certify that said votes were cast at such election; and the *mandamus* would therefore be fruitless. The circuit judge, after hearing argument upon the demurrer, sustained the same and dismissed the petition; and the judgment rendered by him is now here for review.

The law devolves upon the managers of an election held under a public law, the duty to count the votes and sign and certify the result, and, under ordinary circumstances, the writ of *mandamus* will lie to compel the performance of that duty. But if, by reason of the act of the parties, the duty be rendered impossible of performance, the court cannot and will not direct its performance, even though the parties refusing to perform that duty were, in the first instance, at fault. In the first place, it appears that these plaintiffs in error, who were themselves candidates, were instrumental in procuring the seal of the ballot-box to be broken and the vote counted by unauthorized persons, in the absence of those managers who were the officers chosen of the law to perform that duty. If, upon their refusal to perform this duty, in the first instance, a petition for *mandamus* had been filed, it cannot be doubted that these managers would have been required, under the mandate of the law, to discharge the duties imposed upon them by the law. The ballots are supposed, as long as the ballot-box is sealed and remains undisturbed, to be in the immediate custody of the managers, and they are bound, under such circumstances, to certify to the result. Yet, where the ballot-box itself is invaded at the instance of the candidates themselves, and its contents touched by unhallowed hands, they cannot complain if by their own act they have brought about such a state of affairs that the managers would be unable to certify the result. The managers could not know that the ballots they found in the ballot-box were the same as those deposited by the voters; they could not say whether or not any of such ballots had been abstracted, or whether additional ballots had been placed there by unauthorized persons, nor how many, if any, of either. So that, under their hands and seals, they could make no certificate which would give assurance of verity. For them to make the certifi-

cate required by law would, under the circumstances, be impossible, and the courts will not by *mandamus* require a public officer to undertake the doing of an impossible thing.   We conclude therefore, that however gross may have been the irregularities complained of, and however reprehensible may have been the conduct of these public officers, the complainants having themselves placed the matter in such a situation that the law can afford no redress, the court did not err in sustaining the demurrer and dismissing the petition for *mandamus*.

*Judgment affirmed.*